# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0244.  PIKE CENTER, LLC et al. v. ARMEN & JOSEPH JEWELERS, INC.

Armen & Joseph Jewelers, Inc. ("Armen") filed suit against Pike Center, LLC ("Pike"), RB Management Services, Inc. ("RB"), and Middour Investments, LLC ("Middour") in the Magistrate Court of Gwinnett County. In its complaint, Armen alleged that its property was damaged when the roof of the office space it leased from Pike began to leak. The magistrate court entered judgment in favor of the defendants, and Armen appealed to the Superior Court of Gwinnett County seeking de novo review of the magistrate's order. Following a bench trial, the superior court entered judgment in favor of Armen and awarded Armen $36,000 in damages and $8,950.69 in attorney fees. Pike and RB[1] filed a direct appeal to this Court, citing OCGA § 5-6-34 (a) (1).[2] We, however, lack jurisdiction.

Although not raised by the parties, "[t]his Court has a duty to inquire into its jurisdiction to entertain each appeal." *Yakob v. Kidist Mariam Ethiopian Orthodox Tewahedo Church, Inc.*, 359 Ga. App. 13, 18 (1) (a) (856 SE2d 722) (2021) (citation and punctuation omitted).

Appeals from decisions of the superior courts reviewing decisions of lower courts by certiorari or de novo proceedings shall be by application

---

[1] Prior to the bench trial, the superior court entered a consent order dismissing Middour from the action.

[2] OCGA § 5-6-34 (a) (1) provides that appeals may be taken to this Court from "[a]ll final judgments . . . except as provided in Code Section OCGA § 5-6-35[.]"

for discretionary appeal. OCGA § 5-6-35 (a) (1), (b). The clear intent of section (1) (a), above, was to give the appellate courts (particularly the Court of Appeals) the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case). Because the appeal to this Court is taken from the decision of a superior court reviewing a decision of a magistrate court by a de novo proceeding, the discretionary appeal procedures of OCGA § 5-6-35 were required[.]

*Dean's Catering v. Sturm & Assoc.*, 231 Ga. App. 202, 202-203 (498 SE2d 786) (1998) (citations and punctuation omitted). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Pike's and RB's failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__04/06/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.